DOROTHY GOODMAN, Respondent, *v.* CENTRAL COAT &
APRON SUPPLY, INC., Appellant.

*Negligence — motor vehicles — master and servant — injury from
collision between automobile and wagon at street crossing.*

*Goodman* v. *Central Coat & Apron Supply, Inc.*, 218 App. Div. 848,
affirmed.

(Argued May 20, 1927; decided June 7, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 17, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. At the time of the accident plaintiff was riding in her automobile proceeding southerly on Second avenue in the borough of Manhattan. At Thirty-fifth street defendant's team and wagon being driven easterly at a rapid pace by one of its servants collided with the automobile and plaintiff received the injuries complained of.

*Walter G. Evans* for appellant.

*Max Leff* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

———————

VANET DOWNING, as Administratrix of the Estate of
JOHN DOWNING, Deceased, Appellant, *v.* THE CITY OF
NEW YORK, Respondent.

*Negligence — motor vehicles — master and servant — municipal corporations — collision between automobile belonging to city but being used
by driver for his own purposes, and wagon driven by intestate — action
for death — permission or authority to grant permission for use of
automobile aside from city business not made out.*

*Downing* v. *City of New York*, 219 App. Div. 444, affirmed.

(Argued May 19, 1927; decided June 7, 1927.)

APPEAL from a judgment, entered March 4, 1927, upon an order of the Appellate Division of the Supreme Court

in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been sustained through the negligence of defendant. Intestate was killed as the result of a collision between a wagon he was driving and a motor truck belonging to defendant. The proof showed that at the time of the accident the driver was using the truck, with the consent of his foreman, on his own business. The Appellate Division held that "permission by the city or any authority to grant permission by its officers for the use of the truck outside of its corporate purpose was not made out in law or fact."

*John J. O'Connor, Harold R. Medina, Louis H. Schleider, William F. McNulty* and *Harry E. Kreindler* for appellant.

*George P. Nicholson, Corporation Counsel (Elliott S. Benedict, J. Joseph Lilly* and *Matthew J. Troy* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

EGBERT A. SMITH, Respondent, *v.* CAUVIGNY BRUSH COMPANY, INCORPORATED, Appellant, Impleaded with Another.

*Negligence — infection — sale of shaving brush from use of which plaintiff developed anthrax.*

*Smith* v. *Cauvigny Brush Co., Inc.,* 219 App. Div. 760, affirmed. (Argued May 19, 1927; decided June 7, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 11, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The complaint alleged that plaintiff became infected with the germs of anthrax through use of a shaving brush purchased by him at a retail drug store