CHARLOTTE L. Fox, Respondent, *v.* CITY OF SYRACUSE, Appellant, Impleaded with FRED J. GREEN, Defendant.

HENRY J. Fox, Respondent, *v.* CITY OF SYRACUSE, Appellant, Impleaded with FRED J. GREEN, Defendant.

Fourth Department, January 7, 1931.

Charles V. Byrne [*J. C. Tormey* of counsel], for the appellant.

*Hancock, Dorr, Kingsley & Shove* [*Jesse E. Kingsley* of counsel], for the respondents.

CROSBY, J.   The plaintiffs in these two actions are husband and wife.   They were both injured when a car in which they were

riding was struck by a car driven by the defendant Green and owned by the appellant city of Syracuse. A judgment in each action was recovered against both defendants. Defendant Green has not appealed. Defendant city of Syracuse conceded on this appeal that the verdicts were not excessive in amount, that there was evidence justifying a finding that defendant Green drove appellant's car in a negligent manner and that the plaintiffs were free from contributory negligence.

A reversal is sought, so far as appellant is concerned, on the theory that the car which it owned was not being driven by Green at the time of the accident on the city's business. The jury were instructed in substance that if they found that Green, who was an employee of the city, was driving the car mainly for his own private purpose and only incidentally in the business of the city, then the plaintiffs could not recover from the city, but that if, on the other hand, Green was driving the city's car mainly on the city's business and only incidentally for his own private purpose, then the plaintiffs could recover from the city as well as from Green.

The facts are quite free from dispute. One of Green's duties, as an employee of the city, was to inspect tenement houses to see that lights were kept burning at night in halls used by tenants in common. He found that in a tenement house, owned by one McGraw, lights were not kept burning, and he was told by one of the tenants that McGraw was at Sylvan Beach, a summer resort twenty-eight miles distant from the city. Green testified that while the city ordinance required service of notice upon the owner to be made by posting a written notice on the premises and mailing a copy to the owner, nevertheless the common practice had been to see the owner personally and give him oral notice. Green further testified that for several years he had been spending his week ends at Sylvan Beach, where he had a room in a friend's house, and that for two years he had been using the city's car to make his week end trips. He further testified that his superior officer knew that he was thus using the city's car for his private purpose, and never forbade him to do so, although no express consent by anybody had ever been given for such private use of the car. The car in question had been furnished to Green by the city for use in making inspections, was always supplied with fuel from the city gasoline tank, but was kept by Green in a private garage. No one had told Green that he could keep the car in a private garage, but no objection had been made to his doing so.

At the time that Green made the inspection, and was told that McGraw was at Sylvan Beach, he testified that the thought came to him that he " might see him [McGraw] down there." The

following Sunday Green went to Sylvan Beach, as usual, on his week end visit. He testified that in going to Sylvan Beach he had no thought of the city's business, did not go for the purpose of seeing McGraw, went for his own private purpose solely, and never thought of McGraw while there, until by mere accident he met an acquaintance walking with a man who, upon introduction, turned out to be a Mr. McGraw. It then occurred to Green that this McGraw might be the owner of the building which he had inspected, and on learning that he was such owner, gave him the customary oral notice.

It was while returning from Sylvan Beach to Syracuse that Green, driving the city's car, caused the injuries in question. The testimony of Green is not disputed, and there is nothing suspicious or improbable about it. He cannot be said to have had an interest in giving testimony which would relieve the city from responsibility and throw the whole liability upon him.

Under the facts and circumstances disclosed by this record, it was error to permit the jury to find that the car was being driven by Green in the city's business at the time of the accident.

*Marks* v. *Gray* (251 N. Y. 90), though a workmen's compensation case, presents facts similar to those in the instant case. There Marks, a plumber, who was employed by Gray at the town of C., was about to drive to the town of S. to bring home his wife. Gray, knowing of the proposed errand on which Marks was going, told Marks that there was a trifling plumbing job at S. for which it would not pay to make a special trip, but that so long as he was going anyway to get his wife, he should take his tools along and do the plumbing. On the way, Marks was injured and was awarded compensation. In reversing the award the Court of Appeals, in an opinion by CARDOZO, Ch. J., said: " If word had come to him [Marks] before starting that the defective faucets were in order, he would have made the journey just the same. If word had come, on the other hand, that his wife had already returned, he would not have made the trip at all. The employment did not bring him on the journey or expose him to its risks. * * * We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own (*Clawson* v. *Pierce-Arrow Co.*, 231 N. Y. 273). If, however, the work has had no part in creating the necessity for travel, if the journey would

have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk."

In our instant case it is much more difficult than in *Marks* v. *Gray* to draw an inference that Green would have made a trip to Sylvan Beach on the city's business though his personal errand had been abandoned, or that he would have abandoned the trip he planned to make for personal reasons, had he been able to see McGraw in Syracuse on Friday or Saturday. It is quite impossible to draw any such inferences from the evidence.

It would be unnecessary to say more, but for a stipulation made by appellant in open court upon the argument herein. It seems that upon the trial plaintiffs claimed the right to have the cases submitted to the jury upon the additional theory that the appellant would be liable if its car was being used by Green with its consent, either express or implied (Vehicle & Traffic Law, § 59), regardless of whose business the car was being used in at the time. The trial court rejected that view, and appellant here stipulates, in substance, that if this court finds that the trial court should also have submitted this additional theory to the jury then an affirmance may be had. Appellant does not wish a new trial if, upon the record, the question of appellant's liability, upon either theory, could properly have been submitted to the jury.

Upon the record before us it would be error to permit the jury to find that the appellant consented in any way to Green's use of its car on his private business. Perhaps an implied consent by Green's superior officer could be spelled out, but no consent that was binding on the city. (*Aspinall* v. *City of New York*, 221 App. Div. 753; affd., 246 N. Y. 644; *Downing* v. *City of New York*, 219 App. Div. 444; affd., 245 N. Y. 597.)

The judgment herein in each case, so far as it affects the appellant city of Syracuse, should be reversed on the law, and the complaint, as to appellant, dismissed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

In each case: Judgment and order reversed on the law and facts as to the defendant city of Syracuse, with costs, and complaint dismissed as to said defendant, with costs.