744

■ BARBARA A. HART v. MARION A. HART.— Motion for a stay granted respecting those portions of the judgment of divorce as require defendant to pay in excess of $2,000 per month for alimony and support and $5,000 for counsel fees except as provided in the temporary stay granted herein, and on condition that the substituted defendants perfect the appeal for the January 1966 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

## (October 19, 1965)

■ In the Matter of the Accounting of MORGAN GUARANTY TRUST COMPANY OF NEW YORK, as Trustee of a Trust Created under Deed of Trust of JEANNETTE MACKELVIE for the Benefit of the Grantor and of MORGAN GUARANTY TRUST COMPANY OF NEW YORK, as Trustee of the Trust Created by the Will of JEANNETTE SCLATER-BOOTH, Deceased, Appellant. NEIL L. SCLATER-BOOTH, Appellant; EDWARD J. GOULD, as Guardian ad Litem for the Unborn Descendants of NEIL L. SCLATER-BOOTH, et al., Respondents.— Order, entered on May 20, 1965, appointing a Referee, unanimously reversed, on the law and on the facts, and the matter ordered to proceed in accordance with the conclusion hereinafter set forth, with $30 costs and disbursements to all parties filing briefs, payable out of the fund. *Matter of Bauer* (14 N Y 2d 272) and *Matter of Pratt* (5 A D 2d 501, affd. 8 N Y 2d 855) make clear that the validity of the exercise of the power of appointment is governed by New York law, notwithstanding that the settlor may have died a foreign domiciliary. Accordingly a reference to determine domicile serves no purpose. Nor is a reference needed to ascertain whether the settlor created a reversionary interest in herself, for " the solution of the problem presented is dependent upon the intention of the settlor as expressed in the trust agreement " (*Richardson* v. *Richardson,* 298 N. Y. 135, 138). Examination of the instant trust agreement persuades us that no reversion was reserved by the settlor, and accordingly it is concluded that the exercise of the power of appointment violated the rule against perpetuities and was therefore invalid. Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Eager and Steuer, JJ.