In the Matter of ETHEL RITTENHOUSE, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

In the Matter of the Arbitration between ROBERT DOWNEY, JR., an Infant, by His Guardian ad Litem, PETER B. CARR, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Fourth Department, April 17, 1975

2

*Schaus & Schaus (John Freyer* of counsel), for appellant.

*Francis X. Murphy* for Ethel Rittenhouse, respondent.

*James E. Adel (Cornelius Collins* of counsel), for Robert Downey, Jr., respondent.

CARDAMONE, J. MVAIC appeals in this case contending that it should be permitted to deduct from the indemnification that it is required to pay to respondents the amount that the Travelers Insurance Company has already paid to its "insureds". We conclude that the amount which MVAIC must pay to respondents may not be reduced by the amount paid to "insureds" by their own insurance company.

As the result of a July 29, 1965 auto accident between an automobile driven by Mary L. Downey (mother of Robert Downey, Jr., and daughter of Ethel Rittenhouse, both passen-

gers in Mrs. Downey's vehicle) and an automobile driven by Mary Saracina, extensive litigation was commenced concerned mainly with which insurance carrier was obligated to indemnify which parties for their losses *(Downey v Merchants Mut. Ins. Co.,* 30 AD2d 171, affd 23 NY2d 989; *Matter of Downey [MVAIC],* 43 AD2d 168).

The most recent determination of this court in this legal battle directed Louis and Mary Saracina to seek indemnification for injuries to Mary Saracina from their own insurance company, Travelers Indemnity Company (Travelers) under the uninsured motorist provision of their policy (43 AD2d, at pp 175–177). We further held that Robert Downey, Jr. had an arbitrable claim against the Motor Vehicle Accident Indemnification Corporation (MVAIC) and that Ethel Rittenhouse was entitled to look to MVAIC for satisfaction of her judgment against Mary Downey (43 AD2d, at pp 174–175, 177). Following that decision, Rittenhouse petitioned for an order directing MVAIC to pay her $7,173.50 in satisfaction of her judgment against Mary Downey (jury verdict of $7,000 plus costs), Robert Downey, Jr. moved for payment in full by MVAIC of his $10,000 arbitration award, and the Saracinas who had obtained a jury verdict against Mary Downey settled with their own insurance company, Travelers, for $8,000.

MVAIC now asserts that the total limit of its liability for this accident (MVAIC is authorized to indemnify two or more innocent victims up to $20,000 per accident) should be reduced by the amount paid by Travelers to the Saracinas, i.e., it seeks to limit its liability to $12,000, and to apportion that amount between Ethel Rittenhouse and Robert Downey, Jr.

Immediately prior to this July 29, 1965 accident the Insurance Law in New York was amended (eff July 1, 1965) to require that each automobile liability policy issued in this State provide coverage for its "insureds" as defined by the statute (Insurance Law, § 601, subd i) for injuries suffered against an owner or operator of an uninsured motor vehicle (L 1965, ch 322, § 3). The statute further provided that an automobile liability policy issued without this provision "shall be construed as if such condition were embodied therein" (Insurance Law, § 167, subd 2-a). The provision protecting insureds against uninsured motorists is commonly known as the New York Automobile Accident Indemnification Endorsement ("New York Endorsement").

For the most part[1] persons who do not qualify as "insureds" under the "New York Endorsement" are called "qualified persons" (Insurance Law, § 601, subd b). They are relegated to the remedy of suing the uninsured motorist to judgment and then applying to the court in which the judgment was entered for an order directing the MVAIC to pay the judgment, subject to a maximum limit of $10,000 on account of injury or death to one person and a maximum limit of $20,000 on account of injury or death to more than one person in any one accident (Insurance Law, § 610).

By definition such "qualified persons" are not "insured persons." The 1965 amendments to the Insurance Law (§ 167, subd 2-a, § 601, subd i, § 605) were remedial legislation intended to put "qualified persons" on an equal footing with "insureds" and to provide two avenues of recovery for the innocent victims of uninsured motorists.[2] Each insurance company provides uninsured motorist protection to its own "insureds" and charges a premium for this protection. MVAIC remains responsible for indemnifying "qualified persons" who are victims of uninsured motorists. The MVAIC indemnification fund is financed by assessing all the insurance companies authorized to write automobile liability insurance in this State (Insurance Law, § 601, subd h, §§ 602, 606). Thus there are two distinct types of funds available to the victims of an uninsured motorist, depending on whether the victims qualify as "insureds" or "qualified persons".

MVAIC contends that only $20,000 is available to all the victims of any one accident involving an uninsured motorist. We reject this contention because it is inconsistent with the language used in the policy itself and the legislative scheme. The New York Endorsements involved in this litigation implicitly recognize the existence of two separate funds. The New York Endorsement attached to the Saracinas' policy and by which they obtained $8,000 in settlement of their judgment against Mary Downey clearly states: "the total limit of liability *of the company* for all damages * * * as the result of any

---

**1.** Persons who come from political jurisdictions where no such similar uninsured motorist insurance is mandated receive no right under the New York law (Insurance Law, § 601, subd b).

**2.** Prior to July 1, 1965 MVAIC was responsible for indemnifying the victims of uninsured motorists, whether the victims were "insureds" or "qualified persons". Insurance companies were permitted to provide this coverage on a voluntary basis for their "insureds", if the "insureds" desired to pay an extra premium.

one accident is $20,000" (emphasis supplied). The MVAIC endorsement under which Downey apparently sought arbitration provides: "the total limit of liability *of MVAIC* for all damages * * * as the result of any one accident is $20,000" (emphasis supplied). Thus the language of the endorsement relied on by appellant MVAIC makes a distinction between the liability of the company toward its insureds and the liability of MVAIC. More significantly the legislative purpose behind the statute creating the MVAIC is to secure to innocent victims of motor vehicle accidents caused by uninsured motorists recompense for the injury and financial loss inflicted upon them (Insurance Law, § 600, subd [2]). To hold that the $20,000 fund per accident that the MVAIC is authorized to pay should be depleted by payments made by insurance companies to their insureds under the "New York Endorsement" for which the insurance companies obtain a premium would work an injustice upon innocent passengers and pedestrians who have no independent insurance. A construction that would result in such inequality or injustice may not reasonably be read into this statute *(MVAIC v Eisenberg,* 18 NY2d 1, 3).

We conclude, therefore, that the $20,000 fund available to Rittenhouse and Robert Downey, Jr. should not be reduced by the $8,000 paid to the Saracinas as "insureds" because according to the statutory scheme insurance companies and MVAIC are separate corporations, separately funded, and provide protection for separate and distinct classes of persons. The insurance company indemnifies its own "insureds" and MVAIC indemnifies those victims of uninsured motorists who are not themselves insured. Since we previously directed Rittenhouse and Robert Downey, Jr. to look to MVAIC for recovery (43 AD2d, at pp 174–175, 177), they are entitled to recover $7,173.50 and $10,000 respectively from MVAIC for this accident.[3]

The order and judgment of the court below should be affirmed.

---

3. The 1965 amendments to the Insurance Law took effect on July 1, 1965, 28 days before the accident in the instant case. We held that Robert Downey, Jr. was entitled to recover from MVAIC (43 AD2d, at p 177) and we need not now decide whether he is categorized as an "insured" or as a "qualified person" since his parents' insurance policy with Merchants Mutual was written before June 30, 1965. With respect to policies issued or renewed on or before June 30, 1965 (L 1965, ch 322, § 2) and containing no New York endorsement, MVAIC is responsible for indemnifying victims whether the victims are "qualified persons" or "insureds".

MARSH, P. J., SIMONS, GOLDMAN and DEL VECCHIO, JJ., concur.

Order unanimously affirmed with costs.

Judgment unanimously affirmed with costs.