■ In the Matter of JERMAINE WILLIAMS, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [919 NYS2d 185]—

On August 16, 2007, the petitioner, New York City Police Officer Jermaine Williams, was driving his police vehicle in Brooklyn when he was struck by a "hit and run" driver who attempted to overtake the petitioner's vehicle as it was making a right turn. The identity of the owner and/or operator of the other vehicle was never ascertained. The petitioner was not an insured under any personal motor vehicle policy at the time of this accident. Thereafter, the petitioner commenced this proceeding pursuant to Insurance Law article 52 for leave to "bring an action [for damages for bodily injury] . . . against the MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION" (hereinafter MVAIC).

Under the circumstances of this case, the petition was properly granted. "[P]olice vehicles are exempted from the provisions of the MVAIC statute to the extent that otherwise eligible claimants are barred from filing a claim for injuries *caused by* the negligent operation of a police vehicle (Insurance Law § 5202 [a], [b]; § 5208; *see, Matter of Downey [MVAIC]*, 43 AD2d 168, 175-176; *Matter of Fuscaldo [MVAIC]*, 24 AD2d 744)" (*Matter of State Farm Mut. Auto. Ins. Co. v Amato*, 72 NY2d 288, 294 n 2 [1988]). Here, however, there is no evidence that the petitioner's alleged injuries were caused by the negligent operation of his police vehicle. Moreover, it is undisputed that the petitioner is a "[q]ualified person" pursuant to Insurance Law § 5202 (b), and an "otherwise eligible" claimant under MVAIC. Accordingly, since the Court of Appeals has already stated that "the uninsured occupant of a police vehicle may file a claim with the MVAIC for injuries sustained in an accident caused by an uninsured motor vehicle" (*Matter of State Farm Mut. Auto. Ins. Co. v Amato*, 72 NY2d at 294 n 2; *see Matter of Downey [Motor Veh. Acc. Indem. Corp.]*, 43 AD2d at 175-176), the Supreme Court properly granted the petition. Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.